UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HENRY M. BURGESS, JR., | ) | Civil Action No.: 4:10-1678-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **ORDER** |
| | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. Presently before the Court are Plaintiff's Motion to Terminate Deposition (Document # 34), Defendant's Motion for Extension of Time (Document # 36) and Defendant's Motion to Dismiss, or in the Alternative, to Compel (Document # 39) pursuant to Rule 37, Fed.R.Civ.P. Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to Defendant's Motion could result in a recommendation that the Motion be granted. Plaintiff timely filed a Response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC.

## II.    RELEVANT FACTS

In his Complaint, Plaintiff alleges that a male co-worker sexually harassed him and when he informed his manager, Johnny Matthews, of the harassment, he failed to address the situation. The parties have engaged in discovery and Plaintiff assured Defendant that he would produce documents once the parties could agree upon a protective agreement. McDaniel Dec. ¶ 3 (attached as and

Exhibit to Defendant's Motion). On March 7, 2011, Defendant noticed Plaintiff's deposition for April 6, 2011. McDaniel Dec. ¶ 5. Plaintiff appeared for his deposition as noticed. McDaniel Dec. ¶ 5. Also present at the deposition were Costco's attorney, Theresa McDaniel, Costco's corporate representative, Johnny Matthews, and the court reporter.[1]

After being sworn and reviewing his Notice of Deposition, as requested by Costco's counsel, Plaintiff indicated that he was not aware of the "adjustments" made by counsel to the deposition. Plaintiff Dep. p. 6 (attached as an Exhibit to Defendant's Motion). Specifically, Plaintiff objected to the "adjustment" that Johnny Matthews, the general manager of Costco's Myrtle Beach warehouse, was present at his deposition. Plaintiff Dep. pp. 6-7. In response to Plaintiff's objection, Costco's counsel informed Plaintiff that Costco had a right to have a corporate representative present at the deposition. Plaintiff Dep. p. 7. Counsel also assured Plaintiff that Mr. Matthews would not be asking Plaintiff any questions. Plaintiff Dep. p. 7. Plaintiff continued to object to Mr. Matthews being present but provided no basis for his objection other than surprise. Plaintiff Dep. pp. 7-9. As a result, the parties contacted the undersigned. Plaintiff Dep. pp. 13-18.

In the conference call with the undersigned[2], Counsel explained that Plaintiff had objected to Mr. Matthew's presence during the deposition. The undersigned explained to Plaintiff that "they [Costco] have the right to have somebody there. And if it's a general manager, unless there's some

---

[1] Before the deposition began, an associate of the law firm of Richardson, Plowden & Robinson was present in the room and planned to observe the deposition for training purposes. Upon Plaintiff's objection to the associate's presence, the associate did not attend the deposition. McDaniel Dec. ¶ 7.

[2] During the call, the undersigned made clear that no motion was before him, he would not be making any rulings and was engaging in the "informal conversation" in an attempt to keep the deposition from breaking down if possible. Plaintiff Dep. pp. 14-16.

kind of–some particular reason why this particular person causes a disruption or particular intimidation or something like that, they've got the right . . . ." Plaintiff Dep. p. 15. Plaintiff asked the undersigned whether he could be sanctioned if he did not proceed with the deposition, and the undersigned responding by stating: "If one party is–acts in a way, conducts themselves in a way that would warrant sanctions, the answer would be yes." Plaintiff Dep. p. 16. Both the undersigned and counsel asked Plaintiff if he had any further questions and he did not. Plaintiff Dep. p. 16.

     After the call to the undersigned, Counsel began her questioning. Plaintiff Dep. pp. 18-19. Without stating any further objections, Plaintiff answered various questions about his personal and family status, work history and educational background for about an hour. Plaintiff Dep. pp. 19-44. Once the topic of discussion reached his employment with Costco, the parties agreed to take a break to allow Plaintiff to retrieve from his car the documents he had promised to produce at his deposition. McDaniel Dec. ¶ 8. Upon returning from his car, however, Plaintiff returned without the documents and, instead, stated that he would be discontinuing his deposition based upon his same objection made previously as to Mr. Matthews' presence at his deposition. McDaniel Dec. ¶ 8; Plaintiff Dep. p. 44-45.

     In an effort to resolve Plaintiff's concerns and allow the deposition to continue, Costco attempted to obtain a better understanding of Plaintiff's objection. Plaintiff Dep. pp. 45-47. It is undisputed that Mr. Matthews was not disruptive in the deposition. Plaintiff Dep. p. 45. Plaintiff stated he felt an "uncomfortness [sic]" with the deposition. Plaintiff Dep. p. 46. Plaintiff continued by stating "at this moment, can't state anything other than we have to stop the deposition." Plaintiff Dep. p. 46. Counsel informed Plaintiff that Costco would seek sanctions including costs or requesting that his case be dismissed. Plaintiff Dep. p. 46. Counsel then asked Plaintiff to allow her

a short break so that she could discuss with Costco whether it was willing to continue with the deposition without a corporate representative present. Plaintiff Dep. p. 48. Plaintiff responded by stating that it would make no difference because he had decided to leave. Plaintiff Dep. pp. 48-49. Plaintiff then left the deposition.

## III.  DISCUSSION

In his Motion to Terminate Deposition, Plaintiff states that he was uncomfortable with Mr. Matthew's presence at his deposition because Plaintiff is still employed with Defendant. He argues there is no need to continue with the deposition because it was simply a way for Mr. Matthews to gain personal information about Plaintiff that he could use against him at work. However, Plaintiff provides no support for this contention.

Defendant seeks sanctions for Plaintiff's failure to complete his deposition. Defendants seeks the costs of the deposition as well as dismissal of this action or, in the alternative, an order compelling Plaintiff to attend a second deposition and to produce documents responsive to Defendant's discovery requests. The Court has authority to sanction a party for failure to comply with the discovery process pursuant to Rule 37(d), Fed.R.Civ.P., which provides, in relevant part,

> If a party . . . fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Paragraphs (A), (B), and (C) of subdivision (b)(2) set forth the available sanctions:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Rule 37(b)(2), Fed.R.Civ.P.

To impose sanctions under Rule 37, a court must consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir.2001). It appears from the evidence in the record that Plaintiff acted in bad faith by leaving his deposition prior to its conclusion and failing to provide documents responsive to Defendant's requests. The only concern Plaintiff voiced about the deposition was the presence of Mr. Matthews. However, counsel for Defendant notified Plaintiff that Defendant had a right to have a corporate representative present for the deposition. Plaintiff then allowed the deposition to proceed for approximately an hour, answering background questions regarding his family, work history and education. However, Plaintiff refused to allow counsel to complete the deposition following a break. Plaintiff provided no explanation with his decision to leave other than he felt uncomfortable. However, it is undisputed that Mr. Matthews was not disruptive during the deposition. Further, Plaintiff continued to refuse to complete the deposition even after counsel offered to go forward with

the deposition in Mr. Matthew's absence.

In addition, Defendant asserts that Plaintiff agreed to produce documents once the parties could agree on a protective order. It was counsel's understanding that the parties reached an agreement prior to the deposition, yet Plaintiff still refused to produce the documents.

Defendant has been prejudiced by Plaintiff's failure to complete his deposition. Plaintiff's actions prevent Defendant from discovering the relevant facts of the case and preparing its defense. The deposition of a plaintiff is an essential part of the discovery process. It allows a defendant to gather facts, gain an understanding of the plaintiff's view of the case, and evaluate the demeanor of the plaintiff, among other things. A defendant cannot be expected to defend a case where the person bringing the action refuses to participate in the discovery process. Because of the importance of discovery to any litigation, the need to deter of this kind of conduct is great.

Finally, Defendants seek dismissal of this action as a sanction. Courts applying Rule 37 have found that dismissal should not be applied as an initial sanction. See generally 4A Moore's Federal Practice, Par. 37.03[2] at 37-88 (1990). At this juncture, dismissal is too harsh a sanction. In the alternative, Defendant asks the Court to compel Plaintiff to attend his deposition and extend the discovery deadline for the sole purpose of conducting Plaintiff's deposition. Plaintiff must appear for and complete his deposition and produce all documents responsive to Defendant's discovery requests within thirty days of the date of this Order.[3] The Scheduling Order deadlines will be amended accordingly.

---

[3] Rule 37(d)(3) allows for reasonable expenses "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis added). Defendant may submit a written request for reasonable expenses, including an affidavit of costs and fees, within forty-five days of the date of this Order.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Terminate Deposition (Document # 34) is **DENIED**, Defendant's Motion for Extension of Time (Document # 36) is **GRANTED** and Defendant's Motion to Dismiss, or in the Alternative, to Compel (Document # 39) is **GRANTED** in part and **DENIED** in part.  Specifically, Defendant's Motion to Dismiss is denied and his Motion to Compel is granted.  **Plaintiff must appear for and complete his deposition and produce all documents responsive to Defendant's discovery requests within thirty days of the date of this Order.  Counsel shall notice Plaintiff's deposition at defense counsel's office and give Plaintiff at least ten days' advance notice of the date, time and location.** An Amended Scheduling Order is entered herewith.

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 31, 2012
Florence, South Carolina