UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HENRY M. BURGESS, JR., | ) | Civil Action No.: 4:10-cv-1678-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| COSTCO WHOLESALE CORPORATION; | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. Presently before the Court are Defendant's Motion for Attorney's Fees (Document # 68) and Defendant's Motion to Dispense with Mediation (Document # 73). Plaintiff has not filed Responses to these Motions.

As set forth in more detail in the undersigned's January 31, 2012, Order (Document # 57), on April 6, 2011, Plaintiff appeared for his scheduled deposition but refused to be deposed and left upon learning that Defendant's General Manager would be present during the deposition. Thereafter, Defendant filed a Motion to Dismiss or, in the Alternative, to Compel Plaintiff's Discovery Costs to be Paid by Plaintiff (Document # 39) pursuant to Rule 37, Fed.R.Civ.P. Defendant sought the costs of the deposition as well as dismissal of this action or, in the alternative, an order compelling Plaintiff to attend a second deposition and to produce documents responsive to Defendant's discovery requests. In the January 31, 2012, Order, the undersigned found that Plaintiff had acted in bad faith by leaving the deposition, had prejudiced Defendant by failing to participate in discovery and that the need to deter such conduct was great. However, the undersigned determined that dismissal at that juncture was too harsh a sanction. The Court ordered Plaintiff to appear for his

deposition and produce all documents responsive to Defendant's discovery requests within 30 days of the date of the Order.

The undersigned also noted that Defendant could submit a written request for reasonable expenses, including an affidavit of costs and fees, within forty-five days of the date of the Order pursuant to Rule 37(d)(3), Fed.R.Civ.P., which allows for reasonable expenses "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." In accordance, Defendant filed the present Motion for Attorney's Fees. Defendant asserts that it incurred costs and attorney's fees related to the first deposition on April 6, 2011, in the amount of $2,008.13, McDaniel Decl. ¶ 9, and incurred attorney's fees related to the filing of the previous Motion to Dismiss and Reply memorandum in the amount of $8,330, Kim Decl. ¶ 3.

> Rule 37(d) provides that
>
> The court where the action is pending may, on motion, order sanctions if a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . . Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). **Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.**

Rule 37(d), Fed.R.Civ.P. (emphasis added).

The objecting party bears the burden of showing that its objections were substantially justified. See Humphreys Exterminating Co. v. Poulter, 62 F.R.D. 392, 394 (D.Md. 1974) (citing 4A Moore's Federal Practice Para. 37.01[8], at 37-24 and 37-25) ("A change was made in Rule 37(a)(4) in 1970, of some importance … In essence, the change reversed the earlier presumption that there was substantial justification for opposing interrogatories; now the expenses are awarded unless the justification can be shown."). Plaintiff has failed to respond to Defendant's Motion for

Attorney's Fees and, thus, has not shown that his initial failure to participate in discovery was substantially justified. Accordingly, an award of fees and costs is proper. The undersigned has reviewed the Declarations submitted by Theresa McDaniel and Diana Kim and finds $2,008.13 of the expenses to be reasonable. Thus, Defendant's Motion for Attorney's Fees is granted and Defendant is entitled to an award of attorney's fees and costs pursuant to Rule 37(d), Fed.R.Civ.P., in the amount of $2,008.13. Payment should be made by Plaintiff to Defendant within thirty (30) days of the date of this Order.

Also before the Court is Defendant's Motion to Dispense with Mediation pursuant to Local Civil Rule 16.05, D.S.C. Defendant argues that mediation would serve no useful purpose and would be a waste of resources. The undersigned has entered a Report and Recommendation herewith, recommending that Defendant's Motion for Summary Judgment be granted and this case be dismissed. The Motion to Dispense with Mediation is granted.

For the reasons discussed above, Defendant's Motion for Attorney's Fees (Document # 68) is **GRANTED** and Defendant is entitled to an award of attorney's fees and costs in the amount of $2,008.13. Payment should be made by Plaintiff to Defendant within thirty (30) days of the date of this Order. Additionally, Defendant's Motion to Dispense with Mediation (Document # 73) is **GRANTED**.

    **IT IS SO ORDERED**.

                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

January 8, 2012
Florence, South Carolina