UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Henry M. Burgess, Jr., ) | Civil Action No.: 4:10-cv-1678-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| Costco Wholesale Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### Procedural History

The plaintiff filed this action *pro se* on June 30, 2010 alleging causes of action for discrimination on the basis of sex (hostile work environment) and retaliation in violation of Title VII, 42 U.S.C. §2000e. The defendant filed an Answer on September 20, 2010. Defendant filed a motion for summary judgment on March 16, 2012. Defendant also filed a motion for attorney's fees pursuant to Fed. R. Civ. P. 30 and 37. The court issued a *Roseboro* order, and Plaintiff filed a response to the motion for summary judgment on April 19, 2012. Defendant filed a Reply on April 30, 2012. Plaintiff did not file a response to the motion for attorney's fees.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g), and for review of his order awarding the defendant $2,008.13 in attorney's fees. In his Report, Magistrate Judge Rogers recommends that the defendant's motion for summary judgment be granted as to both the hostile work environment sexual harassment claim and the retaliation claim. Plaintiff filed objections to the Report and to the attorney's fee order on January 25, 2013. Defendant filed a reply to the

1

objections on February 8, 2013. The matter is now ripe for disposition.

## Scope of Review

In conducting its review of the Report and Recommendation, the Court applies the following standard:

> The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976). The court is charged with making a <u>de novo</u> determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).
>
> The court is obligated to conduct a <u>de novo</u> review of every portion of the Magistrate Judge's report to which objections have been filed. <u>Id.</u> However, the court need not conduct a <u>de novo</u> review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

In conducting its review of the order on attorney's fees, this Court must review any objections filed to determine whether the Magistrate's order is "clearly erroneous or is contrary to law". Fed. R. Civ. P. 72(a).

## Facts

The court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation.[1]

---

[1] Briefly stated, the plaintiff was employed as a Tire Installer and in other positions in the tire department with the defendant, Costco Wholesale Corporation. He alleged that in August of 2006, a co-worker grabbed his penis and, on another occasion, rubbed a tool bar between his buttocks. He complained in 2006 about the incidents to Johnny Matthews, the general manager. He was not touched inappropriately after that time. In September of 2009, the plaintiff complained to the home office that coworkers were accusing him of dealing drugs and of a "bull-rushing" incident and other horseplay involving the same co-worker (as alleged in 2006) touching other men inappropriately in the shop. A human relations official, Justin Callahan, conducted an investigation of the complaints. After this

## **Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Id. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Commrs, 845 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine

---

investigation, the inappropriate conduct stopped. On June 12, 2010, a manager asked him to lift a vehicle. Plaintiff alleges this was not part of his job responsibilities and was retaliation for his past complaints. Plaintiff allegedly received permanent back impairment as a result and was transferred out of the tire center and to another position which resulted in a pay cut.

issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. Id. and Doyle v. Sentry, Inc., 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (see Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. Baber, 977 F.2d 872, citing Celotex Corp., supra. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993); DeLeon v. St. Joseph Hosp., Inc., 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).

### **Hostile Work Environment Claims**

The Magistrate found that the direct allegations of sexual harassment against the plaintiff occurred in 2006 and that these allegations were time-barred. He also disagreed with the plaintiff's argument that a continuing violation occurred between 2006 and 2009, thus making all of the alleged conduct actionable as part of the hostile work environment. He found that the hostile work environment claim was limited to events that allegedly occurred in 2008 and 2009.

The plaintiff's objections to the Report do not refer at all to the issue of the timeliness of his claim. He does state that the "employee penis grabbing and comments about illegal drugs" did not end until the investigation occurred in 2009. It is questionable whether the objections are sufficiently specific for this Court's consideration. However, since the plaintiff is proceeding *pro se*, the Court will consider the issue.

The limitations period for a Title VII claim is extended from 180 days to 300 days after the alleged unlawful employment practice where the charge is initially filed with a state deferral agency. Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007). Here, the defendant asserts that,

4

because the EEOC claim was filed on October 9, 2009, the plaintiff is limited to challenging employment actions that occurred after December 13, 2008.

In National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the plaintiff alleged that, during his employment with Amtrak, he was "consistently harassed and disciplined more harshly than other employees on account of his race." Id. at 106. The Supreme Court observed that the Courts of Appeals had taken varying approaches to the "question whether acts that fall outside of the statutory time period for filing charges set forth in 42 U.S.C. § 2000e-5(e) are actionable under Title VII." Id. The Court held as follows:

> We hold that the statute precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period. We also hold that consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory period. . .

Id. at 122.

The plaintiff attempts to combine the 2006 events and the 2008-2009 series of events in order to come under the "continuing violation" theory. However, as noted by the Magistrate Judge, the conduct in 2006 was discrete discriminatory acts directed specifically at the plaintiff, while the conduct occurring thereafter was directed at other employees. More importantly, the Supreme Court in Morgan explains that, "if an act on day 401 had no relation to the acts between days 1-100, or for some other reason, **such as certain intervening action by the employer**, was no longer part of the same hostile environment claim, then the employee cannot recover for the previous acts, at least not by reference to the day 401 act." 536 U.S. at 118 (emphasis added). Likewise, in the case at bar, it is uncontroverted that the employer took intervening action after the 2006 discrete discriminatory acts and that the alleged harassment stopped. Therefore, the 2006 conduct cannot be considered as part of

the plaintiff's hostile work environment claim. The court will next address the plaintiff's timely hostile work environment and retaliation claims.

The conduct that occurred after December 13, 2008 (although timely) does not establish a *prima facie* case of a hostile work environment. To establish a *prima facie* case of hostile work environment under Title VII, a plaintiff must prove (1) the conduct was unwelcome; (2) the harassment was based on his sex; (3) the harassment was sufficiently pervasive or severe to create an abusive working environment; and (4) some basis exists for imputing liability to the employer. Pueschel v. Peters, 577 F.3d 558, 565 (4th Cir. 2009). The Supreme Court has held that there is a significant distinction between harassment that is sexual in content and harassment that is sexually motivated, and Title VII is only concerned with the latter. Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80-81 (1998). In the case of same-sex harassment, the court found that a plaintiff must demonstrate that the harassing conduct was not merely "tinged with offensive sexual connotation," but constituted discrimination because of sex. Id. at 79-80. Oncale directs that courts consider the context to make sure that they do not confuse "male-on-male horseplay" for gender discrimination. Id. at 81-82. See also, Lack v. Wal-Mart Stores, Inc., 240 F.3d 255, 260-61 (4th Cir. 2001)(construing West Virginia Human Rights Act but reviewing offensive conduct that was not "because of sex".) The conduct observed by the plaintiff among other employees was not harassment "because of sex". The accusations by other employees that the plaintiff used drugs are also in no way "because of sex." In addition, the conduct of which the plaintiff was not the target was not sufficiently severe or pervasive to constitute a hostile work environment to an objectively reasonable male, even if the plaintiff was subjectively offended by it. Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)(The standard for proving an abusive work environment is intended to be a very high one".)**;** Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993). Therefore, the plaintiff has also failed to satisfy the third element of

6

the *prima facie* case. Finally, the plaintiff cannot impute liability to the employer as required by the fourth element. Here, the plaintiff admits that the conduct was addressed by the employer and that corrective action was taken. The defendant's motion for summary judgment is granted as to the plaintiff's hostile work environment claim.

### Retaliation Claim

The Fourth Circuit has held that the burden-shifting analysis established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), applies in analyzing retaliation claims under Title VII. <u>Smith v. First Union Nat'l Bank</u>, 202 F.3d 234, 248 (4th Cir. 2000). Pursuant to the <u>McDonnell Douglas</u> burden-shifting analysis, in order to establish a retaliation claim, a plaintiff must first make out a *prima facie* case by showing: (1) that he engaged in a protected activity; (2) that his employer took an adverse employment action against him; and (3) that there was a causal connection between the protected activity and the adverse employment action." <u>Hill v.Lockheed Martin Logistics Mgmt. Inc</u>., 354 F.3d 277, 298 (4th Cir. 2004). Then, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse employment action. If the employer can do so, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a mere pretext for unlawful retaliation. <u>Reeves v. Sanderson Plumbing Prods., Inc</u>., 530 U.S. 133 (2000); <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993).

The Court agrees with the Magistrate Judge's thorough analysis that the plaintiff has failed to show a causal connection between his protected activity and the alleged adverse employment action. The retaliation claim is accordingly dismissed.

### Attorney's Fee Order

The plaintiff also challenges the order by the Magistrate granting Costco attorney's fees in the

amount of $2008.13 pursuant to Rule 37 for the fees incurred due to the plaintiff walking out of his deposition. The Court finds that the Magistrate's order was not clearly erroneous or contrary to law. The plaintiff did not respond to the defendant's Motion for Attorney's Fees. He therefore did not show that his initial failure to participate in discovery was substantially justified under Rule 37. In his objections, he simply asserts that he cannot afford to pay the fees, not that his actions were substantially justified. His objections are overruled.

For the foregoing reasons, the undersigned adopts the Magistrate's Report and Recommendation, affirms the Order awarding attorney's fees to the defendant, and **GRANTS** the defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Court Judge

February 21, 2013
Florence, South Carolina